# Case History

## Bonner

### 1 Cases Found.

**The Pastime Bar & Grill, Inc. vs. Mt. Hawley Insurance Company**

Case: CV-2010-0000448 District  Filed: 03/16/2010 Subtype: Other Claims   Judge: Steve Verby   Status: **Pending**

Defendants: **Mt. Hawley Insurance Company**
Plaintiffs: **The Pastime Bar & Grill, Inc.**

Register of actions:

| | Date | |
|---|---|---|
| | 03/16/2010 | New Case Filed - Other Claims |
| | 03/16/2010 | Plaintiff: The Pastime Bar & Grill, Inc. Appearance D. Toby McLaughlin |
| | 03/16/2010 | Filing: A - All initial civil case filings of any type not listed in categories B-H, or the other A listings below Paid by: McLaughlin, D. Toby (attorney for The Pastime Bar & Grill, Inc.) Receipt number: 0433007 Dated: 3/16/2010 Amount: $88.00 (Check) For: The Pastime Bar & Grill, Inc. (plaintiff) |
| | 03/16/2010 | Complaint |
| | 03/16/2010 | Summons Issued |
| | 03/16/2010 | Motion and Affidavit for Service Outside the State of Idaho |
| | 03/25/2010 | Verification of Complaint |
| | 04/06/2010 | Order Granting Leave for Service Outside the State of Idaho |
| | 04/29/2010 | Affidavit Of Service - Jennifer Guppy Senior Paralegal served 4/22/10 |
| | 05/04/2010 | Affidavit Of Service- Jennifer Guppy Senior Paralegal served 4/28/10 |

*Connection: Public*



1 of 1                                                                    5/13/2010 9:38 AM

D. TOBY McLAUGHLIN
Berg & McLaughlin, Chtd.
708 Superior Street, Ste. B
Sandpoint, ID 83864
Telephone: (208)263-4748
Facsimile: (208)263-7557
Idaho Bar No. 7405

STATE OF IDAHO
COUNTY OF BONNER
FIRST JUDICIAL DIST.

2010 MAR 16  A 10: 13

CLERK DISTRICT COURT

DEPUTY

IN THE DISTRICT COURT FOR THE FIRST JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNER

THE PASTIME BAR & GRILL, INC., an Idaho
Corporation;

     Plaintiff,

vs.

MT. HAWLEY INSURANCE COMPANY, a
corporation doing business in the state of Idaho;

     Defendants,

NO. CV-10- 448

**COMPLAINT**

COMES NOW, the above named Plaintiff, PASTIME BAR & GRILL, INC., acting by

and through its attorneys, Berg & McLaughlin, Chtd. and for a claim of relief against MT.

HAWLEY INSURANCE COMPANY, INC., a corporation doing business in the state of Idaho,

alleges as follows:

## I. PARTIES

1.1    Plaintiff PASTIME BAR & GRILL, INC. is a corporation registered in the State

of Idaho with its principal place of business located in Bonner County, Idaho.

1.2    Defendant MT. HAWLEY INSURANCE COMPANY, INC. is corporation

conducting business in Bonner County, Idaho.

**ASSIGNED TO STEVE VERBY
DISTRICT JUDGE**

COMPLAINT - 1

## II. JURISDICTION

2.1    The loss which is the subject matter of this claim was sustained in Bonner County. The Defendant is not a resident of Idaho, and does not have a designated registered agent with the Idaho Secretary of State's Office, but nevertheless does business in Idaho. Therefore the Court, has jurisdiction and venue is proper in Bonner County pursuant to I.C. §5-404.

## III. ALLEGATIONS

3.1    Plaintiff realleges paragraphs 1.1 through 2.1 above.

3.2    Plaintiff Pastime Bar & Grill, Inc. ("Pastime") purchased a commercial lines policy of insurance, No. MPB0403720, ("Policy") from Defendant Mt. Hawley Insurance Company ("Hawley").

3.3    The Policy provided general liability coverage for Pastime during the dates from October 17, 2008 to October 17, 2009.

3.4    On or about December 20, 2008, Mr. Daniel Smith claimed that he was injured while on the premises of the Pastime.

3.5    On or about January 9, 2009, Mr. Smith brought suit in Bonner County District Court of Idaho, case number CV-2009-030, against the Pastime for damages. A copy of this complaint is attached here as *Exhibit "A"*.

3.6    Soon after the alleged incident involving Mr. Smith, Dustin Koril, on behalf of Plaintiff Pastime Bar & Grill, Inc. submitted Smith's damage claim to its insurer, Defendant Hawley.

3.7    Mr. Smith's complaint specifically alleges five causes of action; (1) "premises liability", (2) "breach of duty- condition of premises", (3) "breach of duty to avoid intentional or reckless harm", (4) "breach of duty of ordinary care" and (5) "breach of duty to protect plaintiff from conduct of third parties".

3.8    By letter dated January 22, 2009, Hawley refused to defend the Pastime against the claims asserted by Smith. A copy of this letter is attached here as *Exhibit "B"*.

COMPLAINT - 2

3.9    By letters dated October 23rd, 2009, and October 26th, 2009, Plaintiffs, through counsel, requested reconsideration of Hawley's refusal to defend Pastime in the Smith litigation. A copy of these letters are attached here as *Exhibit "C" and "D"* respectively.

3.10    By letter dated November 2nd, 2009, Hawley again refused its duty to defend. A copy of this letter is attached here as *Exhibit "E"*.

3.11    The Pastime tried once again to persuade the Defendant to acknowledge its duty to defend by letter dated February 22, 2010. A copy of this letter is attached here as *Exhibit "F"*.

3.12    By letter dated March 10, 2010, Defendant Mt. Hawley again denied the Pastime's tender of defense. A copy of this letter is attached here as *Exhibit "G"*.

## IV. FIRST CAUSE OF ACTION: BREACH OF CONTRACT

4.1    Plaintiff realleges paragraphs 1.1 through 3.12 above.

4.2    Plaintiff Pastime contracted for general liability coverage with Defendant Hawley. The Defendant's duty under the Policy includes a duty to defend the Plaintiff for potential liability covered by the Policy.

4.3    Hawley has denied coverage based upon Policy exclusions for "Assault and Battery". Mr. Smith's complaint does not allege assault and battery but makes multiple claims for negligence.

4.4    Under the first cause of action, Mr. Smith claims "Premises Liability" and asserts that Pastime had a duty to "keep the premises in a reasonably safe condition" and a duty to "fix or warn of any dangerous or defective condition known to [Pastime], or which, in the exercise of ordinary care, should have been discovered." *See Smith's Complaint, Exhibit "A"*, Paragraphs 23 and 24.

4.5    Under Mr. Smith's second cause of action, "breach of duty- condition of premises", Mr. Smith claims that Pastime was negligent for failing to avoid "intentional or reckless harm to [Mr. Smith] on the premises of [Pastime]." *See Smith's Complaint, Exhibit "A"*, Paragraph 29.

4.6    Under Mr. Smith's fourth cause of action, breach of duty of ordinary care, Mr. Smith claims that Pastime breached its duty to use ordinary care to provide safe premises both

COMPLAINT - 3

*before* and during the time of the occurrence. *See Smith's Complaint, Exhibit "A"*, Paragraph 39. ("Defendants had a duty, before and at the time of occurrence, to use ordinary care for the safety of the Plaintiff.")

4.7    By failing to defend Pastime, Hawley has breached its obligations under the Policy.

4.8    The suit by Smith continues, and Pastime is continuing to incur legal costs and attorney's fees in having to defend this suit, as well as attorney fees in this action in attempting to secure the benefits of its policy – defense against the claims asserted by Smith.

4.9    As a proximate result of this breach, Pastime has suffered damages in an amount to be proven at trial but which exceed $10,000.

## V. SECOND CAUSE OF ACTION: DECLARATORY RELIEF

5.1    Plaintiff realleges paragraphs 1.1 through 4.9 above.

5.2    Despite repeated efforts by the Plaintiff to tender defense of the claims asserted by Smith, the Defendant Hawley continues to refuse to accept the defense of the Pastime.

5.3    Smith's Complaint alleges causes of action which, if proved, may fall under the Pastime's insurance coverage under the Policy.

5.4    Under Idaho law, an insurer's duty to defend arises upon the filing of a complaint whose allegations, in whole or in part, read broadly, reveal a potential for liability that would be covered by the insured's policy.

5.5    The Plaintiff requests that the Court find that Defendant Hawley has a duty to defend the Pastime against the claims asserted by Smith, including paying for the costs of the defense.

5.6    The Plaintiff further requests a finding that the Court declare that Defendant Hawley must reimburse the Plaintiff for any costs incurred in defending the claims asserted by Smith, including attorney's fees.

## VI. THIRD CAUSE OF ACTION: INSURER'S TORT OF BAD FAITH

6.1    Plaintiff realleges paragraphs 1.1 through 5.6 above.

COMPLAINT - 4

6.2     Under Idaho law, an insurer's duty to defend arises upon the filing of a complaint whose allegations, in whole or in part, read broadly, reveal a *potential* for liability that would be covered by the insured's policy.

6.3     The Complaint filed by Smith reveals claims which are potentially covered by the policy provided by Hawley, including claims alleging that Pastime's negligence caused injuries to Smith.

6.4     Hawley intentionally and unreasonably refused to defend the claims asserted by Smith against Pastime.

6.5     As a result of Hawley's actions, Pastime has been forced to bear the costs of its own defense, and lacks the ability to settle the claims asserted by Smith.

6.6     Due to Hawley's failure to defend, Pastime has suffered, and continues to suffer damages in an amount to be proven at trail but exceeding $10,000.

## VII. REQUEST FOR JURY TRIAL

7.1     Pursuant to the Idaho Rules of Civil Procedure, Rule 38, Plaintiff Pastime hereby requests a trial by jury in this matter.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1.     An award of damages in an amount to be proven at trial;

2.     An award of prejudgment and post-judgment interest;

3.     At award of reasonable attorneys fees and costs, in an amount of $5,000.00 in the case of a default by the Defendant, or in an amount to proven later otherwise;

4.     A declaratory ruling by the Court that the Defendant must defend the claims asserted by Smith, and reimburse Plaintiff for the legal costs and fees it has incurred in the action brought by Smith;

5.     Any other and further relief that the court considers proper;

COMPLAINT - 5

6.      Plaintiff reserves its right to move to amend this Complaint to seek an award of punitive damages, pursuant to Idaho law.

DATED this /5ᵗʰ day of March, 2010.

BERG & McLAUGHLIN, CHTD.

By: _____
TOBY McLAUGHLIN
Attorneys for Plaintiff

COMPLAINT - 6

COPY

Todd M. Reed
Suzanne M. Fegelein
POWELL & REED, P.C.
318 Pine Street
P.O. Box 1005
Sandpoint, Idaho 83864
Phone: (208) 263-3529
Fax:    (208) 263-4438
ISB No. 4788
ISB No. 7252

STATE OF IDAHO
COUNTY OF BONNER
FIRST JUDICIAL DIST.

2009 JAN -9 P 2: 21

MARIE S...
CLERK DISTRICT COURT

DEPUTY

Attorney for Plaintiffs

IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNER

DANIEL J. W. SMITH,

      Plaintiff,

vs.

DUSTIN J. KORIL, individually, PASTIME
BAR & GRILL, INC. and PASTIME
BUILDING PARTNERSHIP, LLC,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV- 2009 - 0030

COMPLAINT AND
DEMAND FOR JURY TRIAL

Fee Category: A-1
Fee: $88.00

COMES NOW, Plaintiff, DANIEL J. W. SMITH, by and through his attorney of record,

Todd M. Reed, and for cause of action against Defendants, DUSTIN J. KORIL, individually,

PASTIME BAR & GRILL, INC. and PASTIME BUILDING PARTNERSHIP, LLC complains

and allege as follows:

## PARTIES

1.  Plaintiff is a resident of Boundary County, State of Idaho.

ASSIGNED TO STEVE
DISTRICT JUD



COMPLAINT AND DEMAND FOR JURY TRIAL - 1

2. Defendant DUSTIN J. KORIL is a resident of Bonner County, State of Idaho. Defendants PASTIME BAR & GRILL, INC. and PASTIME BUILDING PARTNERSHIP, LLC are limited liability corporations doing business in Sandpoint, Bonner County, Idaho.

3. Jurisdiction is proper as Defendants reside, and/or do business in Bonner County, Idaho, and the injury to Plaintiff took place in Bonner County, Idaho. Venue is proper.

## STATEMENT OF FACTS

4. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 3, above.

5. On or about December 20, 2008, Plaintiff was a customer at Synergy, a nightclub.

6. Synergy is located at 209 N. 1st Avenue, Sandpoint, Bonner County, Idaho.

7. Synergy is owned by Defendants.

8. Synergy is operated by Defendants.

9. Synergy is accessed by a long stairway, and is on the second floor.

10. While Plaintiff was at Synergy, a disturbance occurred in which Plaintiff was not involved.

11. Plaintiff tried to leave Synergy via the stairs.

12. Synergy employees and/or agents of Defendants began breaking up fights.

13. Synergy employees and/or agents of Defendants pushed and/or threw people down the stairs.

14. Plaintiff was on the stairway when employees and/or agents of Defendants threw people down the stairs.

15. A person that was thrown down the stairs by Synergy employees and/or agents of Defendants landed on Plaintiff, injuring the Plaintiff in the form of a broken leg.

16. Employees and/or agents of Defendants caused the injury to the Plaintiff.

17. Plaintiff's injuries caused Plaintiff to miss work.

18. Plaintiff has suffered damages in an amount to be proven at trial and which exceed the jurisdiction of the Magistrate Division of District Court.

19. Plaintiff hereby reserves the right to amend his Complaint to move for punitive damages.

20. Plaintiff has required the assistance of an attorney to prosecute this cause of action and is entitled to reasonable attorney's fees.

## CAUSES OF ACTION

### I. PREMISES LIABILITY

21. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 20, above.

22. Plaintiff was an invitee of Defendants at Synergy night club.

23. Defendants owed Plaintiff a duty to keep the premises in a reasonably safe condition.

24. Defendants owed Plaintiff a duty to fix or warn of any dangerous or defective condition known to the Defendants, or which, in the exercise of ordinary care, should have been discovered.

25. Defendants breached the above-listed duties.

26. Defendant's breach was the cause of injury to Plaintiff.

27. Plaintiff has suffered damages due to Defendant's breach in an amount to be proven at trial and which exceeds Ten Thousand Dollars ($10,000.00).

### II. BREACH OF DUTY-CONDITION OF PREMISES

28. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 27, above.

29. Defendants owed Plaintiff a duty to exercise ordinary care to avoid exposing Plaintiff to an unreasonable risk of harm at Synergy.

30. Defendants breached the above-listed duty.

31. Defendant's breach was the cause of injury to Plaintiff.

32. Plaintiff has suffered damages due to Defendant's breach in an amount to be proven at trial and which exceeds Ten Thousand Dollars ($10,000.00).

## III. BREACH OF DUTY TO AVOID INTENTIONAL OR RECKLESS HARM

33. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 33, above.

34. Defendants owed Plaintiff a duty not to cause intentional or reckless harm to Plaintiff on the premises of Synergy.

35. Defendants breached the above-listed duty.

36. Defendant's breach was the cause of injury to Plaintiff.

37. Plaintiff has suffered damages due to Defendant's breach in an amount to be proven at trial and which exceeds Ten Thousand Dollars ($10,000.00).

## IV. BREACH OF DUTY OF ORDINARY CARE

38. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 37, above.

39. Defendants had a duty, before and at the time of the occurrence, to use ordinary care for the safety of the Plaintiff.

40. Defendants breached the above-listed duty.

41. Defendant's breach was the cause of injury to Plaintiff.

42. Plaintiff has suffered damages due to Defendant's breach in an amount to be proven at trial and which exceeds Ten Thousand Dollars ($10,000.00).

### V. BREACH OF DUTY TO PROTECT PLAINTIFF FROM CONDUCT OF THIRD PARTIES

43. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 42, above.

44. Defendants owed Plaintiff a duty to protect Plaintiff from the conduct of third parties at Synergy.

45. Defendants knew or should have known of the risk created by their employees.

46. Defendants should or could have exercised control over the source of the risk and the Plaintiff.

47. Defendants breached the above-listed duty.

48. Defendant's breach was the cause of injury to Plaintiff.

49. Plaintiff has suffered damages due to Defendant's breach in an amount to be proven at trial and which exceeds Ten Thousand Dollars ($10,000.00).

WHEREFORE, with regard to the aforementioned cause of action, Plaintiff Dan Smith requests judgment against Defendant as follows:

(a)    For damages sustained by Plaintiff as stated in this Complaint in amounts to be proven at the time of trial and which exceed the jurisdiction of the Magistrate Division of District Court, which include but are not limited to physical pain, mental pain, suffering, impairment, disability, inconvenience, and loss of enjoyment of life. In addition, for damages for health and medical care, as well as rehabilitation, physical therapy and related expenses incurred as a result of the incident;

(b)    For interest on those amounts already incurred or paid by Plaintiff or on behalf of Plaintiff;

(c)     For reasonable attorney's fees;

(d)     For costs and expenses; and

(e)     For such other and further relief as the Court may deem just and proper under these circumstances, including but not limited to the amendment of the Complaint, including amendment for punitive damages.

DATED this 7 day of January, 2009.

TODD M. REED, Attorney for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by a jury of not less than twelve.

DATED this 9 day of January, 2009.

TODD M. REED
Attorney for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL - 6



**RLI**

RLI Insurance Services

505 14ᵗʰ Street  |  Suite 1100  |  Oakland, CA 94612
P: 510-891-0118  |  F: 866-692-6796  |  www.rlicorp.com

January 22, 2009

Pastime Bar & Grill
Dustin Koril
209 N 1ˢᵗ Street
Sandpoint, ID 83864

RE: Daniel Smith v Dustin Koril, et al
Insured: Pastime Bar & Grill
Claim Number: 229828
Policy Number: MPB0503720 (10/17/2008-10/17/2009)

Dear Mr. Koril:

RLI Insurance Services is the claim administrator for Mt. Hawley Insurance Company. Mt. Hawley Insurance Company has received notice of the above noted law suit.

My records reflect that Mt. Hawley Insurance Company issued policy # MPB0503720 to Pastime Bar & Grill for the period of October 17, 2008 to October 17,2009. This policy contains an endorsement entitled, **Exclusion-Assault or Battery**. This endorsement states:

> This coverage does not apply to "bodily injury," "property damage," or "personal or advertising injury" arising out of an "assault or battery" by:
>
> 1. Any insured, employee of the insured, patron or patrons or other person, whether provoked or unprovoked by any person, or
> 2. Out of any act or omission in connection with the:
> a. Prevention or suppression of an "assault or battery";
> b. Protection of persons or property
> c. Negligent hiring, supervision or training of any "employee" of the insured; or
> d. Implementation of adequate security measures, through security personnel, surveillance or other security devices
>
> For purposes of this exclusion, Exclusion 2.a in Section I. of both the Commercial General Liability Coverage Part and the Liquor Liability Coverage Part is replaced in its entirety by the following:
>
> a. Expected Or Intended Injury
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.
>
> For the purposes of this exclusion, the following definition is added:
>
> "Assault or battery" means harmful or offensive contact between or among two or more persons including but not limited to, apprehension of harmful or offensive contact or threats or harmful or offensive contact, sexual assault ,abuse or molestation.



EXHIBIT

# RLI

It is our understanding that this litigation arises out of an assault and battery. Accordingly, this endorsement would preclude coverage for this matter.

In view of the foregoing, Mt. Hawley Insurance Company will neither defend nor indemnify you. Please be aware that Mt. Hawley Insurance's listing of the foregoing basis of its coverage position does not limit any other grounds for denial of coverage if the facts or developing law warrant. Mt. Hawley Insurance reserves the right to raise other coverage issues or defenses in this matter.

This letter should not be construed as an exhaustive listing of all of the terms, conditions, exclusions or limitations of the policy, which might limit or bar coverage. Nor shall it be construed as a waiver of any rights and defenses available to Mt. Hawley Insurance Company under policy or law.

Should you have any questions or concerns, please do not hesitate to contact me at (510) 891-0118.

Sincerely,


Marc Ziblatt

### BERG & McLAUGHLIN, Chtd.
ATTORNEYS AT LAW

October 23, 2009

Marc Ziblatt                          *Sent Via Email to Marc.Ziblatt@rlicorp.com*
RLI Insurance Services
505 14th street Suite 1100
Oakland  CA 94612

RE:   Daniel Smith  v  Dustin Koril, et al
      Insured:          Pastime Bar & Grill, Inc.
      Claim Number:     229828
      Policy Number:    MPB0503720 (10/17/2008-10/17/2009)

Dear Mr. Ziblatt:

Thank you for forwarding your letter of January 22, 2009, in which you explain RLI Insurance Services' reasons for denying coverage for my client, Pastime Bar & Grill, Inc. I am asking that you reconsider that decision, and I feel confident that there are sufficient grounds for coverage of the claims asserted by Daniel Smith.

Mr. Smith has filed suit against your insured, Pastime Bar & Grill, Inc., alleging various causes of action, including premises liability, breach of duty as to the condition of the premises, breach of duty to avoid intentional or reckless harm, breach of duty of ordinary care, and breach of duty to protect plaintiff from conduct of third parties.  A copy of Mr. Smith's Complaint is enclosed here as **Exhibit A** for your reference.

In your denial letter, you indicate that coverage is denied on account of the assault and battery endorsement.  As you stated in our telephone conversation yesterday, you do not believe there to be a duty to defend because there has been an allegation of assault, even if it turns out that the allegation is meritless. I respectfully disagree.

Under Idaho law an insurer's duties to defend and indemnify are separate duties. *Hoyle v. Utica Mut. Ins. Co.*, 137 Idaho 367, 375, 48 P.3d 1256 (2002). The duty to defend is broader than the duty to indemnify. *Id.* The general rule is that if an insurer has a duty to defend any aspect of a lawsuit, it has a duty to defend with regard to every aspect of the lawsuit. *Hogan v. Midland Nat'l Ins. Co.*, 476 P.2d 825, 831 (Cal. 1970).

> The duty to defend arises upon the filing of a complaint
> whose allegations, in whole or in part, read broadly, reveal

---

708 Superior Street, Suite B • Sandpoint ID 83864 • (208) 263-4748 • Fax (208) 263-7557
*on the web:* WWW.SANDPOINTLAW.COM • *email:* BILL@SANDPOINTLAW.COM; TOBY@SANDPOINTLAW.COM



10/23/2009
Page 2

> a *potential* for liability that would be covered by the
> insured's policy.

*State of Idaho v. Bunker Hill Co.*, 647 F.Supp. 1064, 1068 (D.Idaho 1986). See also,
*Hirst v. St. Paul Fire & Marine Ins. Co.*, 106 Idaho 792, 683 P.2d 440 (Ct.App.1984)
(Petition for Review Denied); and *Pendlebury v. Western Casualty & Surety Co.*, 89
Idaho 456, 406 P.2d 129 (1965).

The *Bunker Hill* decision contains an analysis of how and when an insurer must
determine its potential for liability and duty to defend:

> The problem which faces the insurers when a claim is made
> is determining if there is a potential for liability. However,
> as noted by the *Hirst* case [supra], since the advent of
> notice pleading there will likely be broad ambiguous claims
> made against the insured making it more difficult for the
> insurer to determine whether the insurance policy covers
> the claims. But as the court noted, where there is doubt as
> to whether a theory of recovery within the policy coverage
> has been pleaded in the underlying complaint, or which is
> potentially included in the underlying complaint, the
> insurer must defend regardless of potential defenses
> arising under the policy or potential defenses arising
> under the substantive law under which the claim is brought
> against the insured.... It is a misconception of the duty to
> defend, however, if the insurer refuses to defend and seeks
> a determination of the duty while the underlying case
> progresses against the insured, and then if found obligated
> under its duty, the insurer merely steps in and defends and
> pays defense fees that have accumulated. The proper
> procedure for the insurer to take is to evaluate the claims
> and determine whether an arguable potential exists for a
> claim covered by the policy; if so, then the insurer must
> immediately step in and defend the suit. At the same time,
> if the insurer believes that the policy itself provides a basis,
> i.e., an exclusion, for noncoverage, it may seek declaratory
> relief. However, this does not abrogate the necessity of
> defending the lawsuit until a determination of noncoverage
> is made. The insurer should not be allowed to "guess
> wrong" as to the potential for coverage. "[T]he provision

10/23/2009
Page 3

for defense of suits is useless and meaningless unless it is offered when the suit arises." 7C. J. Appleman, *Insurance Law and Practice* § 4684 at 83 (Berdal ed. 1979).

Once it is concluded that an insurer owes its insured a duty to defend, the duty to defend and pay defense costs continues until such time as the insurer can show that the claim against the insured cannot be said to fall within the policy's scope of coverage. As stated in *C. Raymond Davis & Sons, Inc. v. Liberty Mutual Insurance Co.*, 467 F.Supp. 17 (E.D.Pa.1979):

However if coverage (indemnification) depends upon the existence or nonexistence of facts outside of the complaint that have yet to be determined, the insurer must provide a defense until such time as those facts are determined, and the claim is narrowed to one patently outside the coverage.

*Id.* at 19.

Although Mr. Smith has alleged assault as one if his theories of recovery, he has also alleged premises liability and various negligence claims. If the jury ultimately finds that Mr. Smith cannot prove his assault claim, but that the Pastime Bar & Grill, Inc. is liable for negligently maintaining the premises, then there would clearly be coverage for Mr. Smith's injuries. Consequently, there is a *potential* for liability that would be covered by the insured's policy. In such a case, Idaho law requires that the insurance company step forward and defend the claim.

Please keep in mind that the duty to defend under an insurance policy is broader than the duty to pay a claim. Generally, the insurer is required to defend covered claims even if the insured is ultimately found in a trial or other civil proceeding to have no legal obligation to pay damages. The insurer's obligation to defend is determined by the allegations contained in the suit and not by the facts that may later be established that ultimately show the claim is not covered by the CGL policy. Because Mr. Smith's Complaint alleges a theory that can trigger a duty to pay, the duty to defend is triggered.

You should also take note that the insurance carrier for the Pastime Building Partnership, LLC, which owns the building in which the bar and grill are located, acknowledged its duty to defend and has retained *Matt Pappas of Anderson, Julian, and Hull, LLP*. Unfortunately, the Partnership has now tendered its defense to the Pastime Bar & Grill, Inc., based upon an indemnification provision in the lease.

10/23/2009
Page 4

Mr. Smith has offered to settle this matter for less than the policy limits. There is the potential for a bad faith claim against the insurer should RLI Insurance Services pass up the opportunity to settle a claim when potential for liability exists. Idaho recognizes the tort of bad faith breach of an insurance contract where an insurer, in bad faith, fails to settle a third-party claim against an insured for which the insured is indemnified under the insurance contract. *Truck Ins. Exchange v. Bishara*, 128 Idaho 550, 553-54, 916 P.2d 1275 (1996).

It is even foreseeable that the Pastime Building Partnership, LLC, may assert a bad faith claim as a third party beneficiary of the policy. The lease between Pastime Bar & Grill, Inc. and Pastime Building Partnership, LLC, requires that the Partnership be identified as an insured on the corporation's policy. This does not appear to have been accomplished, which may open the agent up to liability as well.

Thank you for reexamining whether your company has a duty to defend in this situation. Should you accept our position, I would be happy to continue as attorney in this matter, if you should so desire.

Sincerely,

Toby McLaughlin
Attorney at Law

COPY

Todd M. Reed
Suzanne M. Fegelein
POWELL & REED, P.C.
318 Pine Street
P.O. Box 1005
Sandpoint, Idaho 83864
Phone: (208) 263-3529
Fax:    (208) 263-4438
ISB No. 4788
ISB No. 7252

STATE OF IDAHO
COUNTY OF BONNER
FIRST JUDICIAL DIST.

2009 JAN -9 P 2: 24

MARIE SCOTT
CLERK DISTRICT COURT

DEPUTY

Attorney for Plaintiffs

IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNER

| | |
|---|---|
| DANIEL J. W. SMITH, | ) Case No. CV-2009-0030 |
| Plaintiff, | ) |
| | ) COMPLAINT AND |
| | ) DEMAND FOR JURY TRIAL |
| vs. | ) |
| | ) Fee Category: A-1 |
| DUSTIN J. KORIL, individually, PASTIME | ) Fee: $88.00 |
| BAR & GRILL, INC. and PASTIME | ) |
| BUILDING PARTNERSHIP, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

COMES NOW, Plaintiff, DANIEL J. W. SMITH, by and through his attorney of record,

Todd M. Reed, and for cause of action against Defendants, DUSTIN J. KORIL, individually,

PASTIME BAR & GRILL, INC. and PASTIME BUILDING PARTNERSHIP, LLC complains

and allege as follows:

### PARTIES

1.  Plaintiff is a resident of Boundary County, State of Idaho.

ASSIGNED TO STEVE VERBY
DISTRICT JUDGE

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

2. Defendant DUSTIN J. KORIL is a resident of Bonner County, State of Idaho. Defendants PASTIME BAR & GRILL, INC. and PASTIME BUILDING PARTNERSHIP, LLC are limited liability corporations doing business in Sandpoint, Bonner County, Idaho.

3. Jurisdiction is proper as Defendants reside, and/or do business in Bonner County, Idaho, and the injury to Plaintiff took place in Bonner County, Idaho. Venue is proper.

## STATEMENT OF FACTS

4. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 3, above.

5. On or about December 20, 2008, Plaintiff was a customer at Synergy, a nightclub.

6. Synergy is located at 209 N. 1st Avenue, Sandpoint, Bonner County, Idaho.

7. Synergy is owned by Defendants.

8. Synergy is operated by Defendants.

9. Synergy is accessed by a long stairway, and is on the second floor.

10. While Plaintiff was at Synergy, a disturbance occurred in which Plaintiff was not involved.

11. Plaintiff tried to leave Synergy via the stairs.

12. Synergy employees and/or agents of Defendants began breaking up fights.

13. Synergy employees and/or agents of Defendants pushed and/or threw people down the stairs.

14. Plaintiff was on the stairway when employees and/or agents of Defendants threw people down the stairs.

15. A person that was thrown down the stairs by Synergy employees and/or agents of Defendants landed on Plaintiff, injuring the Plaintiff in the form of a broken leg.

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

16. Employees and/or agents of Defendants caused the injury to the Plaintiff.

17. Plaintiff's injuries caused Plaintiff to miss work.

18. Plaintiff has suffered damages in an amount to be proven at trial and which exceed the jurisdiction of the Magistrate Division of District Court.

19. Plaintiff hereby reserves the right to amend his Complaint to move for punitive damages.

20. Plaintiff has required the assistance of an attorney to prosecute this cause of action and is entitled to reasonable attorney's fees.

## CAUSES OF ACTION

### I. PREMISES LIABILITY

21. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 20, above.

22. Plaintiff was an invitee of Defendants at Synergy night club.

23. Defendants owed Plaintiff a duty to keep the premises in a reasonably safe condition.

24. Defendants owed Plaintiff a duty to fix or warn of any dangerous or defective condition known to the Defendants, or which, in the exercise of ordinary care, should have been discovered.

25. Defendants breached the above-listed duties.

26. Defendant's breach was the cause of injury to Plaintiff.

27. Plaintiff has suffered damages due to Defendant's breach in an amount to be proven at trial and which exceeds Ten Thousand Dollars ($10,000.00).

### II. BREACH OF DUTY-CONDITION OF PREMISES

28. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 27, above.

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

# BERG & McLAUGHLIN, Chtd.

## ATTORNEYS AT LAW

October 26, 2009

Marc Ziblatt                        *Sent Via Email to Marc.Ziblatt@rlicorp.com*
RLI Insurance Services
505 14th street Suite 1100
Oakland CA 94612

RE:   Daniel Smith v Dustin Koril, et al
      Insured:            Pastime Bar & Grill, Inc.
      Claim Number:       229828
      Policy Number:      MPB0503720 (10/17/2008-10/17/2009)

Dear Mr. Ziblatt:

Please find enclosed herewith a letter from Matt Pappas, attorney for the Pastime
Building Partnership, LLC, the other defendant in the suit brought by Daniel Smith. As
you can see from Mr. Pappas' letter, the LLC has tendered defense of this matter to your
insured, Pastime Bar & Grill, Inc.

The offer of tender of defense is open for only 14 days from October 21, 2009. It is
critical, therefore, that RLI Insurance Service perform its coverage review in a timely
manner, so that a determination can be made as to how to respond to Mr. Pappas.

I look forward to receiving your response.

Sincerely,

Toby McLaughlin
Attorney at Law

708 Superior Street, Suite B • Sandpoint ID 83864 • (208) 263-4748 • Fax (208) 263-7557
on the web: WWW.SANDPOINTLAW.COM • email: BILL@SANDPOINTLAW.COM; TOBY@SANDPOINTLAW.COM



# MELENDEZ & ASSOCIATES

2950 Buskirk Avenue, Suite 300
Walnut Creek, CA  94597
Telephone:  (925) 934-8000
Facsimile:  (925) 934-6700

## FACSIMILE TRANSMITTAL SHEET

November 2, 2009

PLEASE DELIVER THE FOLLOWING PAGES TO:

TO:            Toby McLaughlin, Esq.

FIRM:          Berg & McLaughlin, Chtd.

MATTER:        Daniel Smith v. Dustin Koril
               Claim No. 00229828

FAX:           (208) 263-7557

PHONE:         (208) 263-4748

FROM:          Michael W. Melendez

TOTAL NUMBER OF PAGES INCLUDING THIS FORM:  __7__

MESSAGE:

The documents accompanying this transmission contain information from the law firm of Melendez & Associates which may be confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES INDICATED ABOVE,
PLEASE CALL US AS SOON AS POSSIBLE AT (925) 934-8000.



# MELENDEZ & ASSOCIATES

2950 Buskirk Avenue, Suite 300
Walnut Creek, CA 94597
Telephone: (925) 934-8000
Facsimile: (925) 934-6700

Michael W. Melendez
mmelendez@melendazfirm.com
Admitted in California and Nevada

October 30, 2009

VIA FACSIMILE

Toby McLaughlin, Esq.
Berg & McLaughlin, Chtd.
708 Superior Street, Suite B
Sandpoint, ID 83864

    RE:   Daniel Smith v. Dustin Koril, et al.
         Insured: Pastime Bar & Grill
         Mt. Hawley Claim Number 00229828

Dear Mr. McLaughlin:

We represent Mt. Hawley Insurance Company with respect to the insurance coverage issues in the referenced matter. We have reviewed your letters dated October 23 and October 26, 2009, the information provided to Mt. Hawley and the commercial general liability insurance contract between Mt. Hawley and Pastime Bar & Grill. Based on the currently-available information, Mt. Hawley maintains the coverage position set forth in Mt. Hawley's January 22, 2009 letter to Pastime's Dustin Koril.

## BACKGROUND

A.    The Underlying Claim

According to the complaint, on or about December 20, 2008, plaintiff Daniel Smith was a patron at Synergy, a nightclub in Sandpoint, Idaho. Smith alleges that Synergy is owned and operated by defendants Dustin Koril, Pastime Bar & Grill, Inc. and Pastime Building

# MELENDEZ & ASSOCIATES

Toby McLaughlin, Esq.
October 30, 2009
Page 2

Partnership, LLC. Smith claims that as he was leaving the nightclub, Synergy employees and/or agents "pushed and/or threw people" who were involved in an altercation down the stairs. One of those people allegedly landed on Smith, causing him to break his leg.

B.     The Mt. Hawley Insurance Contract

Mt. Hawley and Pastime Bar & Grill, Inc. entered into a commercial lines policy (No. MPB0403720), including a commercial general liability coverage part, for the period October 17, 2008 to October 17, 2009 Policy. The Mt. Hawley insurance contract contains an Assault or Batter Exclusion that provides:

> This coverage does not apply to "bodily injury," "property damage," or "personal or advertising injury" arising out of an "assault or battery" by:
>
> 1.     Any insured, employee of the insured, patron or patrons or other person, whether provoked or unprovoked by any person, or
>
> 2.     Out of any act or omission in connection with the:
>
>     a.     Prevention or suppression of an "assault or battery";
>
>     b.     Protection of persons or property;
>
>     c.     Negligent hiring, supervision or training of any "employee" of the insured; or
>
>     d.     Implementation of adequate security measures, through security personnel, surveillance or other security devices.

For purposes of this exclusion, Exclusion 2.a in Section I. of both the Commercial General Liability Coverage Part and the Liquor Liability Coverage Part is replaced in its entirety by the following:

# MELENDEZ & ASSOCIATES

Toby McLaughlin, Esq.
October 30, 2009
Page 3

. . . . .

For the purposes of this exclusion, the following definition is
added:

"Assault or battery" means harmful or offensive contact between
or among two or more persons including but not limited to,
apprehension of harmful or offensive contact or threats or harmful
or offensive contact, sexual assault, abuse or molestation.

## DISCUSSION

### A.    The Assault or Battery Exclusion Bars Coverage

Smith alleges that he was injured when Synergy employees who were breaking up fights
"pushed and/or threw people down the stairs."  Under Idaho law, "the words of the complaint"
are the sole factual references for the insurer's determination of whether there is a duty to defend
under the contract of insurance with the insured.  Amco Ins. Co. v. Tri-Spur Investment Co., 140
Idaho 733, 738, 101 P.3d 226, 231 (2004).  For a duty to defend to exist, the complaint's
allegations, broadly read, must "reveal a potential for liability that would be covered by the
insured's policy." Id. at 737, 230, *quoting* Hoyle v. Utica Mut. Ins. Co., 137 Idaho 367, 371-371,
48 P.3d 1256, 1260-61 (2002).  Courts applying Idaho law require that the complaint: (1)
actually allege the potentially-covered claim; and (2) allege facts that support the claim, as
interpreted under Idaho's "notice pleading" rules:  Hoyle, 137 Idaho at 373, 48 P.3d at 1262; Tri-
Spur, 140 Idaho at 738, 101 P.3d at 231.

Applying these rules, the Idaho Supreme Court in Hoyle affirmed summary judgment for
insurers regarding the duty to defend.  Hoyle, 137 Idaho at 373, 48 P.3d at 1262.  That case
involved a complaint for "fraudulent, improper and illegal" acts that the insured tendered under
an insurance contract that generally covered claims for negligence, but which excluded coverage
for "dishonest, fraudulent, malicious or criminal conduct." Id. at 372, 1261. In affirming
summary judgment, the Supreme Court expressly rejected the insured's claim that the complaint
could be construed as "reveal[ing] a potential claim for negligence, evidenced by the use of the
words 'including but not limited to' and the allegations including breach of the implied covenant
of good faith and fair dealing, breach of fiduciary duty, violations of statutory duties, implied
contract and conversion." Id. Instead, the Court found "there are no parts of the complaint that

# MELENDEZ & ASSOCIATES

Toby McLaughlin, Esq.
October 30, 2009
Page 4

reveal any potential claims for negligence" because "[e]very claim in the [insured's] complaint alleges the acts in question were committed in a 'fraudulent, improper and illegal manner.'" Id. at 373, 1262.

Hoyle is directly on point, and controls here. There are no allegations in the complaint that can be construed as alleging any claims other than claims arising from "act[s] or omission[s] in connection with the [] prevention or suppression of an 'assault or battery' [or] [p]rotection of persons or property," for which coverage is expressly excluded under the Assault or Battery Exclusion, as set forth above.

Courts applying the same or similar exclusionary endorsements for assault and battery in liability insurance contracts have consistently found no potential for coverage for injury claims arising from bar fights. Jaycle, Inc. v. Acceptance Ins. Co.-Omaha, 259 Fed.Appx. 967 (9th Cir. 2007) (Montana law); Terra Nova Ins. Co. v. North Carolina Ted., Inc., 715 F.Supp. 688, 691 (E.D.Pa. 1989) (Pennsylvania law); Terra Nova Insurance Co., Ltd. v. Thee Kandy Store, Inc., 679 F.Supp. 476 (E.D.Pa.1988) (same); Cortinez v. Handford, 490 So.2d 626 (La.App. 1986) (Lousiana law); Wallace v. Huber, 597 So.2d 1247, 1249 (La.Ap. 1992) (same); Sphere Drake Ins. Co. v. Litchfield, 438 S.E.2d 275, 277 (S.C.app. 1993) (South Carolina law); Hermitage Ins. Co. v. Dahms, 842 F.Supp. 319, 326 (N.D.Ill. 1994) (Illinois law). There are no contrary located case holdings.

Further, the courts have recognized that exclusions of this type apply "irrespective of the legal theory asserted against the insured." Century Transit Systems, Inc. v. American Empire Surplus Lines Ins. Co., Inc., 42 Cal.App.4th 121, 126, 49 Cal.Rptr.2d 567, 570 (1996). This is because the terms "focus not upon an insured's conduct or intent, but rather upon the type of event in which a plaintiff sustained an injury." Id.; see also Ross v. City of Minnesota, 408 N.W.2d 910 (Minn. App. 1987) (claim alleging inadequate security services at sports complex); Roloff v. Taste of Minnesota, 488 N.W.2d 325, 326 (Minn. App. 1992) (premises liability); American Empire Surplus Lines Ins. v. Bay Area Cab, 756 F.Supp. 1287, 1290 (N.D. Cal. 1991) (negligent hiring); Terra Nova Ins. Co. v. North Carolina Ted., Inc., 715 F.Supp. at 691 (negligent prevention measures); Terra Nova Ins. Co. v. Nanticoke Pines, Ltd., 743 F.Supp. 293, 297-298 (D. Del. 1990) (negligence, negligent hiring, negligent supervision, negligent failure to provide adequate security services, negligence in allowing consumption of alcohol by assaulting employee, negligent failure to prevent or stop assault).

# MELENDEZ & ASSOCIATES

Toby McLaughlin, Esq.
October 30, 2009
Page 5

As in the above-cited cases, the Assault or Battery Exclusion precludes coverage for Smith's claims, which are fashioned as "premises liability, breach of duty as to the condition of the premises, breach of duty to avoid intentional or reckless harm, breach of duty of ordinary care, and breach of duty to protect plaintiff from conduct of third parties," as stated in your October 23 letter.

Your October 23 letter also states that "Mr. Smith has offered to settle this matter for less than the policy limits," without communicating the actual amount of any demand, and that "[t]here is the potential for a bad faith claim against the insurer should RLI Insurance Services pass up the opportunity to settle a claim when potential for liability exists." Mt. Hawley has considered this information. But your statement does not convey any actual settlement terms and, in any event, Mt. Hawley is not obligated to settle uncovered claims. Under Idaho's "equality of consideration" test, bad faith will not be found based on an insurer challenging coverage that is "fairly debatable," particularly where, as here, Mt. Hawley has promptly responded to the insured's communications with a thorough explanation of why there is no coverage for Smith's claim, nor any duty to defend. Truck Ins. Exchange v. Bishara, 128 Idaho 550, 555, 916 P.2d 1275, 1280 (1996).

B.   Mt. Hawley Does Not Have an Obligation to Pastime Building Partnership, LLC

Your October 26, 2009 letter forwards a tender of defense to Pastime Bar & Grill, Inc., by co-defendant Pastime Building Partnership LLC. Pastime Building Partnership does not qualify as an insured under the Mt. Hawley, so Mt. Hawley does not have an obligation to defend Pastime Building Partnership in the referenced action. But even if Pastime Building Partnership were an insured or had prevailed on an indemnity claim against Pastime Bar & Grill, the Assault or Batter Exclusion would preclude coverage for any claim by or against Pastime Building Partnership.

This letter is not an exhaustive listing of all of the terms, conditions, exclusions or limitations of the insurance contract which might bar or limit Mt. Hawley's obligations in this matter. There may be other facts and circumstances, as well as other provisions in the Mt. Hawley insurance contract, which would further serve to relieve Mt. Hawley of any duty to provide a defense or indemnity. Therefore, please be advised that this correspondence shall not be deemed or construed as a waiver of any of the rights and defenses available to Mt. Hawley,

# MELENDEZ & ASSOCIATES

Toby McLaughlin, Esq.
October 30, 2009
Page 6

including but not limited to those rights and defenses provided under the contract of insurance, all of which Mt. Hawley expressly reserves.

Should you have any further information or legal theories that you believe would affect Mt. Hawley's coverage position, we ask that you provide them to us for Mt. Hawley's consideration. If you wish to discuss any aspect of this letter, please call me.

Very truly yours,

Michael W. Melendez

# BERG & McLAUGHLIN, Chtd.
## ATTORNEYS AT LAW

February 22, 2010

Michael W. Melendez                  *Sent Via Regular Mail and Fax @ (925) 934-6700*
2950 Buskirk Avenue, Ste. 300
Walnut Creek, CA 94597

RE:   Daniel Smith v Dustin Koril, et al
      Insured:          Pastime Bar & Grill, Inc.
      Claim Number:     229828
      Policy Number:    MPB0503720 (10/17/2008-10/17/2009)

Dear Mr. Melendez:

Thank you for your letter of October 30, 2009. I would like to take this opportunity to provide your client, Mt. Hawley Insurance Company with a final chance to honor its duty to defend the Pastime Bar & Grill, Inc. in the litigation brought by Daniel Smith in Bonner County District Court in Idaho, case number CV-2009-030.

From your last letter, I understand that your client is taking the position that it is not obligated to defend the current suit, on the grounds that the claims asserted by Mr. Smith fall within an assault or battery exclusion set forth in the Pastime's CGL policy. For the reasons set forth below, I respectfully disagree with your conclusions and again request that Mt. Hawley Insurance Company ("Mt. Hawley") provide a defense to my client—it's insured—as required by the policy and Idaho law.

You apparently concur that under Idaho law, the duty to defend is broader than the duty to indemnify. *Amco Ins. Co. v. Tri-Spur Inv. Co.*, 140 Idaho 733, 737, 101 P.3d 226, 230 (2004); *Hoyle v. Utica Mut. Ins. Co.*, 137 Idaho 367, 375, 48 P.3d 1256, 1264 (2002). Your letter indicates that you are aware that, in Idaho, "[t]he duty to defend arises upon the filing of a complaint whose allegations, in whole or in part, read broadly, reveal a potential for liability that would be covered by the insured's policy." *Id.* In *Hoyle* and *Amco*, the court was clear that the whole of the underlying complaint need not set forth a potential covered claim. Rather, if there is "an arguable potential ... for a claim covered by the policy, ... then the insurer must immediately step in and defend the suit." *Amco*, 140 Idaho at 737 (quoting *Hoyle*, 137 Idaho at 372). That is:

> Where there is doubt as to whether a theory of recovery
> within the policy coverage has been pled in the underlying

708 Superior Street, Suite B • Sandpoint ID 83864 • (208) 263-4748 • Fax (208) 263-7557
*on the web:* WWW.SANDPOINTLAW.COM • *email:* BILL@SANDPOINTLAW.COM; TOBY@SANDPOINTLAW.COM



3/15/2010
Page 2

> complaint, or which may be included in the underlying
> complaint, the insurer must defend regardless of possible
> defenses arising under the policy or potential defenses
> arising under substantive law governing the claim against
> the insured.

*Constr. Mgmt. Sys. v. Assurance Co. of Am.,* 135 Idaho 680, 683, 23 P.3d 142, 145 (2001). "It is a misconception of the duty to defend, however, if the insurer refuses to defend and seeks a determination of the duty while the underlying case progresses against the insured, and then if found obligated under its duty, the insurer merely steps in and defends and pays defense fees that have accumulated." *Amco,* 140 Idaho at 737. "An insurer seeking to establish that it has no duty to defend confronts a difficult burden since, at this stage, any doubts as to coverage must be resolved in favor of the insured." *Constr. Mgmt. Sys.,* 135 Idaho at 683.

You are correct that the court vindicated the insurer in *Hoyle.* In that case, there was an exclusion for "dishonest, fraudulent, malicious, or criminal conduct." Nevertheless, the court indicated that "under Idaho law and both policies, if the FSI complaint reveals any potential liability for negligent conduct, such allegations trigger Utica and ERC's duty to defend." *Hoyle,* 137 Idaho at 372. The insured's problem in *Hoyle* was that "[t]he FSI Complaint ma[de] no express claim for negligence," but "[e]very claim in the FSI complaint allege[d] that the acts in question were committed in a 'fraudulent, improper and illegal' manner." *Id.* at 372 and 373. Similarly, in *Amco,* the court held there was no duty to defend because (i) the policy excluded coverage for injuries arising out the violation of a federal civil rights statute, but (ii) "[a]ll claims and all of the relief sought [were] based on Title VII." *Amco,* 140 Idaho at 738. The common theme here is that <u>every</u> cause of action in the underlying complaints <u>clearly</u> fell into the policy exclusions.

Conversely, in *Union Warehouse and Supply Co. v. Ill. R.B. Jones, Inc.,* 128 Idaho 660, 917 P.2d 1300 (1996), the court held that the insurer had a duty to defend where certain complaints filed against the insured "at least state[d] a claim for economic damage which is within the coverage of the Seedsmen's policy." *Union,* 128 Idaho at 667. "Because these complaints reveal <u>a potential</u> for a covered liability, they give rise to a duty on the part of Underwriters to defend Union." *Id.* (underline added). Similarly, the court in *County of Kootenai v. Western Casualty and Surety Co.,* 113 Idaho 908, 750 P.2d 87 (1988) held that the insurer should have provided a defense, despite the insurer's assertion that there was no coverage for an improper execution sale, because the policy provided coverage for negligence and the problems with the sale arose out of negligence. *See Id.,* 113 Idaho at 910-911.

3/15/2010
Page 4

"defective" suggests something involving the structure rather than persons on the premises. Since Mr. Smith claims he was attempting to exit the premises via a set of stairs when his injury occurred, it seems reasonable that he may be claiming a problem with the stairs exits.

Count II similarly alleges a breach of "a duty to exercise ordinary care to avoid exposing Plaintiff to an unreasonable risk of harm at Synergy." Count III alleges a breach of "a duty not to cause intentional or reckless harm to Plaintiff on the premises of Synergy." Count IV again alleges a violation of a duty "before and at the time of the occurrence, to use ordinary care for the safety of the Plaintiff." (*Underline added*). These allegations may have as much to do with the physical condition of the premises as the patrons.

To sum up, the Exclusion only comes into play if Mr. Smith was the victim of an assault or battery, which is never alleged. Several of the counts in the Complaint may refer to other causes of Mr. Smith's alleged injuries, including the physical condition of the premises. This is not a situation like *Hoyle* where each allegation specifically stated that the insured's acts were based on fraud, which was clearly excluded. Nor is this situation like *Amco* where all the damages asserted were damages for civil rights violations, which also were clearly excluded. Thus, Mt. Hawley is obligated to provide a defense for my client. If Mt. Hawley believes that the Exclusion is applicable, then it should seek declaratory relief as directed by the courts in *Hoyle, Amco, Union* and *Kootenai, supra*.

You should also be aware of the possible repercussions to Mt. Hawley for failing to provide a defense. First, it is clear that the failure to provide a defense is a breach of contract for which an insured can seek damages. *See Robinson v. State Farm Mut. Auto. Ins. Co.*, 137 Idaho 173, 179, 45 P.3d 829, 835 (2002) ("In a case where the claim is denied and liability under the policy is later established, an insured may recover.").

Second, it is also clear that Mt. Hawley would be responsible to indemnify its insured for costs, fees, and the amount of a settlement or judgment. The Idaho Supreme Court has explained that "[i]f the insurer breaches its duty to defend and the insured *settles a claim* covered by the policy, the insurer has a duty to indemnify its insured for the amount of the settlement so long as a potential liability for the insured existed which resulted in a reasonable settlement in view of the size of possible recovery and probability of the claimant's success against the insured." *Exterovich v. City of Kellogg,* 139 Idaho 439, 441-42, 80 P.3d 1040, 1042-43 (2003). The insurer will also be liable for the reasonable costs and attorney fees incurred by the insured in defending and/or settling

3/15/2010
Page 5

the claim. *See Hirst v. St. Paul Fire & Marine Ins. Co.*, 106 Idaho 792, 799, 683 P.2d 440, 447 (1984).

Third, the failure to defend may result in liability for bad faith breach of the insurance contract. Idaho recognizes the tort of bad faith breach of an insurance contract where an insurer unreasonably denies or delays payment or fails to make timely settlement of an insurance claim. *Selkirk Seed Co. v. State Insurance Fund*, 135 Idaho 649, 22 P.3d 1028, 1031 (2000). That is, an insured may bring suit against his or her insurer for (1) a bad faith delay or denial of a first-party claim under the insured's own policy, or (2) a bad faith failure to settle a third-party claim against an insured for which the insured is indemnified under the insurance contract. *See, Truck Ins. Exchange v. Bishara*, 128 Idaho 550, 553-54, 916 P.2d 1275 (1996). The tort of bad faith, as recognized in Idaho, is an independent tort, not one simply for tortious breach of contract. As a result, normal tort damages are available. *Walston v. Monumental Life Ins. Co.*, 129 Idaho 211, 923 P.2d 456 (1996); *White v. Unigard Mut. Ins. Co.*, 112 Idaho 94, 730 P.2d 1014 (1986). While the tort of bad faith has not previously been applied in an Idaho "duty to defend" action, there appears to be no reason for disallowing this type of claim. *See Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 624 (2nd Cir. 2001) (noting that "an insurance company could perfectly reasonably disclaim indemnity coverage and yet be in bad faith in refusing to defend until the scope of coverage was determined."). *See also Fabri v. The Hartford*, 2003 U.S. App. LEXIS 13941 (4th Cir.) (recognizing cause of action for bad faith failure to defend); *Waller v. Truck Ins. Exchange*, 900 P.2d 619 (Cal. 1995) (same); *Kirk v. Mt. Airy Ins. Co.*, 951 P.2d 1124, 1128 (Wash. 1998) (holding that when an insurer breaches the duty to defend in bad faith, the insurer is estopped from asserting that alleged claims are outside the scope of coverage for purposes of indemnity—at least up to policy limits).

It is abundantly clear, therefore, that Mt. Hawley's refusal to defend Pastime in the suit brought by Smith is unwarranted under Idaho law. Because there is a potential for coverage under Pastime's policy, then Mt. Hawley must come forward and defend, and its refusal to do so provides a basis for Pastime to assert a claim for bad faith against Mt. Hawley.

Please consider this our last attempt to persuade you, short of litigation, to accept the defense of the Pastime in the Smith litigation. Moreover, Mt. Hawley must also cover the legal costs and attorneys fees incurred thus far by the Pastime in the suit.

If Mt. Hawley continues to refuse to defend the litigation, then I have been authorized to file suit against it in Bonner County District Court. I have enclosed a copy of the draft Complaint for your review. This Complaint will be filed on March 9, 2010, if

3/15/2010
Page 6


Mt. Hawley has not agreed to defend the Pastime, and to pay the legal costs and fees incurred in the defense up to the date on which Mt. Hawley takes over the defense.

I look forward to hearing from you.

Sincerely,


Toby McLaughlin
Attorney at Law

# MELENDEZ & ASSOCIATES

2950 Buskirk Avenue, Suite 300
Walnut Creek, CA 94597
Telephone: (925) 934-8000
Facsimile: (925) 934-6700

## FACSIMILE TRANSMITTAL SHEET

March 8, 2010

PLEASE DELIVER THE FOLLOWING PAGES TO:

TO:            Toby McLaughlin, Esq.

FIRM:          Berg & McLaughlin, Chtd.

MATTER:        Daniel Smith v. Dustin Koril
               Claim No. 00229828

FAX:           (208) 263-7557

PHONE:         (208) 263-4748

FROM:          Michael W. Melendez

TOTAL NUMBER OF PAGES INCLUDING THIS FORM: ___8___

MESSAGE:

The documents accompanying this transmission contain information from the law firm of Melendez & Associates which may be confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES INDICATED ABOVE,
PLEASE CALL US AS SOON AS POSSIBLE AT (925) 934-8000.



03/08/2010  14:55    9259346700            MELENDEZ ASSOCIATES                    PAGE  02/08

# MELENDEZ & ASSOCIATES

2950 Buskirk Avenue, Suite 300
Walnut Creek, CA 94597
Telephone: (925) 934-8000
Facsimile: (925) 934-6700

Michael W. Melendez
mmelendez@melendezfirm.com
Admitted in California and Nevada

March 8, 2010

VIA FACSIMILE

Toby McLaughlin, Esq.
Berg & McLaughlin, Chtd.
708 Superior Street, Suite B
Sandpoint, ID 83864

RE:   Daniel Smith v. Dustin Koril, et al.
      Insured: Pastime Bar & Grill
      Mt. Hawley Claim Number 00229828

Dear Mr. McLaughlin:

Thank you for your February 22, 2010 letter regarding Pastime Bar & Grill, Inc.'s claim for coverage under the commercial general liability insurance contract between Mt. Hawley Insurance Company and Pastime and Pastime Bar & Grill, Synergy. Mt. Hawley has carefully considered the contentions set forth in your letter. Unfortunately, those contentions do not cause Mt. Hawley to alter its coverage position. Plaintiff Daniel Smith's claims are all based on allegations that he suffered bodily injury when Synergy employees who were breaking up fights threw people down the stairs. The Mt. Hawley Assault or Battery Exclusion bars coverage for such claims.

As you know, the likelihood that a bar owner or operator will face liability arising out of a fight or altercation is significantly higher than for owners or operators of businesses that do not serve alcohol. By negotiating an insurance contract with Mt. Hawley that contains the Assault or Battery Exclusion, Pastime paid a lower premium than it would have had it entered into an insurance contract under which its insurer assumed such liability — which Mt. Hawley did not.

03/08/2010  14:55   9259346700                    MELENDEZ ASSOCIATES                    PAGE  03/08

# MELENDEZ & ASSOCIATES

Toby McLaughlin, Esq.
March 8, 2010
Page 2

As discussed below, Mr. Smith is not making any claim against Pastime that did *not* arise out of or in connection with an "assault or battery," as that term is defined in the Mt. Hawley insurance contract. As a result, all his claims are barred by the Assault or Battery Exclusion. Nevertheless, if after reviewing this letter, you still believe that the Assault or Battery Exclusion does not bar coverage, Mt. Hawley requests that you share your views with us for Mt. Hawley's consideration.

## DISCUSSION

A.   Under Idaho Law, an Insurer's Duty to Defend Must Be Determined from the Underlying Complaint

Under Idaho law, "[a]n insurer's duty to defend arises upon the filing of a complaint whose allegations, in whole or in part, read broadly, reveal a potential for liability that would be covered by the insured's policy." Construction Management Systems, Inc. v. Assurance Co. of America, 135 Idaho 680, 682, 23 P.2d 142 (2001); Hoyle v. Utica Mut. Ins. Co., 137 Idaho 367, 371-372, 48 P.3d 1256, 1260-61 (2002). "[T]he words of the complaint" are the sole factual references for the insurer's determination of whether a duty to defend arises. Amco Ins. Co. v. Tri-Spur Investment Co., 140 Idaho 733, 738, 101 P.3d 226, 231 (2004). Courts applying Idaho law require that the complaint: (1) actually allege the potentially-covered claim; and (2) allege facts that support the claim, as interpreted under Idaho's "notice pleading" rules. Hoyle v. Utica Mut. Ins. Co., 137 Idaho 367, 73, 48 P.3d 1258 (2002); Tri-Spur, 140 Idaho at 738, 101 P.3d at 231. For Mt. Hawley to have an obligation to defend Pastime, Mr. Smith's claims against Pastime must not be barred by the Assault or Battery Exclusion.

B.   The Assault or Battery Exclusion

The key provision in the Mt. Hawley insurance contract that precludes coverage for Pastime is the Assault or Batter Exclusion. That exclusion provides:

> This coverage does not apply to "bodily injury" . . . arising out of an "assault or battery" by:
>
> 1.   Any insured, employee of the insured, patron or patrons or other person, whether provoked or unprovoked by any person, or

# MELENDEZ & ASSOCIATES

Toby McLaughlin, Esq.
March 8, 2010
Page 3

2.    Out of any act or omission in connection with the:

    a.    Prevention or suppression of an "assault or battery";

    b.    Protection of persons or property;

    c.    Negligent hiring, supervision or training of any "employee" of the insured; or

    d.    Implementation of adequate security measures, through security personnel, surveillance or other security devices.

For the purposes of this exclusion, the following definition is added:

"Assault or battery" means harmful or offensive contact between or among two or more persons including but not limited to, apprehension of harmful or offensive contact or threats or harmful or offensive contact, sexual assault, abuse or molestation.

C.    The Assault or Battery Exclusion Bars Coverage.

The allegations in Mr. Smith's complaint reveal that all his claims are based on an "assault or battery" as that term is defined in the Mt. Hawley insurance contract.

Under the "Statement of Facts" section in his complaint, Mr. Smith alleges that:

5.    On or about December 20, 2008, Plaintiff was a customer at Synergy, a nightclub.

7.    Synergy is owned by Defendants.

# MELENDEZ & ASSOCIATES

Toby McLaughlin, Esq.
March 8, 2010
Page 4

8.   Synergy is operated by Defendants.

9.   Synergy is accessed by a long stairway, and is on the second floor.

10.  While Plaintiff was at Synergy, a disturbance occurred in which Plaintiff was not involved.

11.  Plaintiff tried to leave Synergy by the stairs.

12.  Synergy employees and/or agents of Defendants began breaking up fights.

13.  Synergy employees and/or agents of Defendants pushed and/or threw people down the stairs.

14.  Plaintiff was on the stairway when employees and/or agents of Defendants threw people down the stairs.

15.  A person that was thrown down the stairs by Synergy employees and/or agents of Defendants landed on Plaintiff, injuring the Plaintiff in the form of a broken leg.

16.  Employees and/or agents of Defendants caused the injury to the Plaintiff.

These allegations are incorporated into and provide the factual predicate for every claim stated in Mr. Smith's complaint. Mr. Smith's first claim for "Premises Liability" incorporates the factual allegations set forth above. (Complaint, ¶ 21.) Mr. Smith alleges that defendants "failed to fix or warn of any dangerous or defective condition known to Defendants, or which, in the exercise of ordinary care, should have been discovered." (Id., ¶ 24.) Mr. Smith claims that defendants breached their duty to warn plaintiff, which breach "was the cause of the injury to Plaintiff." (Id., ¶ 25, 26.) Mr. Smith's injury — as set forth in the incorporated allegations — was the broken leg he allegedly suffered when Synergy employees who were breaking up fights threw people down the stairs.

# MELENDEZ & ASSOCIATES

Toby McLaughlin, Esq.
March 8, 2010
Page 5

Plaintiffs' second claim is for "Breach of Duty - Conditions of Premises." Again, Mr. Smith incorporates by reference his factual allegations. (Id., ¶ 28.) In that claim, Mr. Smith alleges that defendants "owed Plaintiff a duty to exercise ordinary case to avoid exposing Plaintiff to an unreasonable risk of harm at Synergy." (Id., ¶ 29.) Mr. Smith claims that defendants breached that duty and that their "breach was the cause of injury to Plaintiff." (Id., ¶¶ 30, 31.) That injury was the broken leg Mr. Smith allegedly suffered when Synergy employees who were breaking up fights threw people down the *stairs*.

Mr. Smith's third claim is for "Breach of Duty to Avoid Intentional or Reckless Harm." That claim also incorporates Mr. Smith's factual allegations. (Id., ¶ 33.) Mr. Smith asserts that *defendants owed him* "a duty not to cause intentional or reckless harm to Plaintiff on the premises of Synergy." (Id., ¶ 34.) Mr. Smith asserts that defendants' breach of that duty "was the cause of injury to Plaintiff." (Id., ¶¶ 35, 36.) Again, the only injury of which Mr. Smith complains is the broken leg allegedly caused when Synergy employees threw people down the stairs.

Mr. Smith's fourth claim is for "Breach of Duty of Ordinary Care." Again, Mr. Smith incorporates his factual allegations. (Id., ¶ 38.) Mr. Smith alleges that defendants "had a duty, before the time of the occurrence, to use ordinary care for the safety of the Plaintiff." (Id., ¶ 39.) Mr. Smith claims that defendants breached that duty, and that their "breach was the cause of injury to Plaintiff." (Id., ¶¶ 40, 41.) As above, Mr. Smith's only injury was his broken leg, which he allegedly suffered when Synergy employees breaking up fights threw people down the stairs.

Mr. Smith's fifth and final claim is for "Breach of Duty to Protect Plaintiff From Conduct of Third Parties." As with his other claims, Mr. Smith again incorporates his factual allegations. (Id., ¶ 43.) He asserts that defendants "owed Plaintiff a duty to protect Plaintiff from the conduct of third parties at Synergy," that defendants "knew or should have known of the risk created by their employees," and that defendants "should or could have exercised control over the source of the risk and the Plaintiff." (Id., ¶¶ 44, 45, 46.) Mr. Smith asserts that defendants breached their duty, which breach "was the cause of injury to Plaintiff." (Id., ¶¶ 47, 48.) That injury, of course, was the broken leg that Mr. Smith allegedly suffered when Synergy employees breaking up fights threw people down the stairs.

In sum, Mr. Smith's claims against Pastime all stem from the broken leg he allegedly suffered when Synergy employees breaking up fights threw people down the stairs. Mr. Smith's

# MELENDEZ & ASSOCIATES

Toby McLaughlin, Esq.
March 8, 2010
Page 6

claims are for "bodily injury" arising out of "harmful or offensive contract between or among two or more persons" by an "insured, employee of the insured, patron or patrons [of Pastime] or other person," or "[o]ut of any act or omission in connection with the . . . [p]revention or suppression of an 'assault or battery,'" "[p]rotection of persons or property," "[n]egligent hiring, supervision or training of any 'employee' of the insured," or "[i]mplementation of adequate security measures, through security personnel, surveillance or other security devices."

Mr. Smith's claims clearly fall within the Assault or Battery Exclusion.  As a result, Mt. Hawley does not have an obligation to provide Pastime with a defense.

D.     Pastime's Arguments Do Not Dictate a Different Result

In your letter, you advance three arguments regarding the Assault or Battery Exclusion's application.  Those arguments, however, do not alter Mt. Hawley's conclusions.

First, you assert that Mr. Smith never claimed that he was the victim of an assault or battery, and that Court IV alleges a "breach of the duty of ordinary care, i.e., negligence." That Mr. Smith has not included a count for "assault and battery," or has not specifically alleged that he was the victim of an assault and battery is of no moment.  Neither is the fact that Mr. Smith has effectively included a claim for negligence in his complaint.  The test as to an insurer's duty to defend it whether the plaintiff's allegations, broadly read, create the potential for liability covered under the insurance contract.  As set forth above, Mr. Smith's "bodily injury" claims all fall within the Mt. Hawley Assault or Battery Exclusion.  That he did not include a specific claim for "assault and battery" or use that specific phrase in his allegations does not matter.  Nor does the fact that he has effectively included a negligence claim in his complaint.  Mr. Smith clearly alleges "harmful or offensive contact" caused by an insured or an insured's employee, or arising out of the prevention or suppression of an "assault or battery."  By its terms, that exclusion applies.  See Tri-Spur, 140 Idaho at 738-739 (an insurer does not have an obligation to defend where a clearly drawn complaint sets forth specific claims and remedies that are excluded by the insurance contract).

Your second argument is that — despite its language — the Assault or Battery Exclusion does not bar coverage for bodily injury arising out of the prevention or suppression of an assault or battery.  That contention, however, is wholly unsupported.  The exclusion's language plainly states that claims for "bodily injury" arising "[o]ut of any act or omission in connection with the . . . [p]revention or suppression of an 'assault or battery'" is barred.  Here, Mr. Smith clearly

# MELENDEZ & ASSOCIATES

Toby McLaughlin, Esq.
March 8, 2010
Page 7

alleges that when the Synergy employees were breaking up fights, they threw people down the stairs who landed on him, resulting in his broken leg. Not only does Mr. Smith's claim constitute an "assault or battery" by an insured's employee, it also arose out of an act or omission in connection with the prevention or suppression of an "assault or battery." That claim falls within the exclusion.

Your final argument — that there might be other causes of Mr. Smith's alleged injury — misreads the complaint. As explained above, Mr. Smith clearly alleges that he broke his leg when people were thrown down the stairs. Those allegations are incorporated into and form the factual basis for each of his claims. He does not allege any other cause for his injury. For Pastime to contend that other causes exist would be mere speculation. Such speculation cannot create a duty to defend. Tri-Spur, 140 Idaho at 738.

This letter and prior correspondence do not present an exhaustive listing of all of the terms, conditions, exclusions or limitations of the insurance contract which might bar or limit Mt. Hawley's obligations in this matter. There may be other facts and circumstances, as well as other provisions in the Mt. Hawley insurance contract, which would further serve to relieve Mt. Hawley of any duty to provide a defense or indemnity. Therefore, please be advised that this correspondence shall not be deemed or construed as a waiver of any of the rights and defenses available to Mt. Hawley, including but not limited to those rights and defenses provided under the contract of insurance, all of which Mt. Hawley expressly reserves.

Should you have any further information or legal theories that you believe would affect Mt. Hawley's coverage position, we ask that you provide them to us for Mt. Hawley's consideration. If you wish to discuss any aspect of this letter, please call me.

Very truly yours,

Michael W. Melendez

2nd time served
wanted to serve Supt. & Ins.
4/28/10 @ 11:00 am

SCANNED APR 28 '10

1  D. TOBY McLAUGHLIN    **PRIORITY**
   Berg & McLaughlin, Chtd.
2  708 Superior Street, Ste. B
   Sandpoint, ID 83864
3  Telephone: (208)263-4748
   Facsimile: (208)263-7557
4  Idaho Bar No. 7405

00229828

Amg J.

8      IN THE DISTRICT COURT FOR THE FIRST JUDICIAL DISTRICT OF THE
           STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNER

9  THE PASTIME BAR & GRILL, INC., an Idaho    NO. CV-10- 448
10 Corporation;

11         Plaintiff,
                                                    **SUMMONS**
12 vs.

13 MT. HAWLEY INSURANCE COMPANY, a
   corporation doing business in the state of Idaho;
14
15         Defendants,

16

17 NOTICE:   YOU  HAVE  BEEN  SUED  BY  THE  ABOVE-NAMED
           PLAINTIFF.    THE  COURT  MAY  ENTER  JUDGMENT
18         AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU
           RESPOND WITHIN 20 DAYS.

19         READ THE INFORMATION BELOW.

20 TO:       MT. HAWLEY INSURANCE COMPANY

21     You are hereby notified that in order to defend this lawsuit, an appropriate written

22 response must be filed with the above designated court within 20 days after service of this

23 Summons on you.   If you fail to so respond the Court may enter judgment against you as

24 demanded by the Plaintiff in the Complaint.

25

SUMMONS - 1

A copy of the Complaint is served with this Summons. If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed on time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1.   The title and number of this case.

2.   If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3.   Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

4.   Proof of mailing or delivery of a copy of your response to Plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named Court.

DATED this _16_ day of March, 2010.

MARIE SCOTT, BONNER COUNTY
CLERK OF THE DISTRICT COURT

By: _Tracy B_
Deputy

SEAL

SUMMONS - 2

1  D. TOBY McLAUGHLIN
   Berg & McLaughlin, Chtd.
2  708 Superior Street, Ste. B
   Sandpoint, ID 83864
3  Telephone: (208)263-4748
   Facsimile: (208)263-7557
4  Idaho Bar No. 7405

5

6

7

8         IN THE DISTRICT COURT FOR THE FIRST JUDICIAL DISTRICT OF THE
              STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNER
9
   THE PASTIME BAR & GRILL, INC., an Idaho    NO. CV-10-448
10 Corporation;

11       Plaintiff,
                                              MOTION AND AFFIDAVIT FOR
12 vs.                                        SERVICE OUTSIDE THE STATE
                                              OF IDAHO
13 MT. HAWLEY INSURANCE COMPANY, a
   corporation doing business in the state of Idaho;
14
         Defendants,
15

16

17                              I. MOTION

18     COMES NOW, the above named Plaintiff, PASTIME BAR & GRILL, INC., acting by

   and through its attorneys, Berg & McLaughlin, Chtd., hereby moves the Court for an Order for
19
   service upon Defendant MT. HAWLEY INSURANCE COMPANY outside the State of Idaho,
20
   pursuant to Idaho Code § 5-515. This motion is supported by the affidavit filed herein.

21                              II. AFFIDAVIT

22 STATE OF IDAHO      )
                       ) ss.
23 COUNTY OF BONNER )

24   D. TOBY McLAUGHLIN, being first duly sworn on oath, deposes and says:

25     1.    That I am the attorney of record for the Plaintiff in the above-entitled action.


MOTION FOR SERVICE OUTSIDE THE STATE - 1

STATE OF IDAHO
COUNTY OF BONNER
FIRST JUDICIAL DIST.

2010 MAR 16  A 10: 14

CLERK DISTRICT COURT

DEPUTY

2.      That I am a member of the firm of BERG & McLAUGHLIN, CHTD., attorneys for the Plaintiff herein, and am duly competent to testify to the information contained herein;

3.      That I have advised the Plaintiff that he has a good and sufficient cause of action against the Defendant named herein.

4.      Defendant is a necessary and proper party to this action.

5.      Upon information and belief the Defendant is an out of state corporation doing business in the State of Idaho. After due diligence, a registered agent for said Defendant cannot be found within the state. According to the terms of the insurance policy issued by the Defendant to the Plaintiff, service of process is to be made upon the Superintendent, Commissioner, or Director of Insurance for Mt. Hawley Insurance Company at the following address:

> Mt. Hawley Insurance Company
> 9025 N. Lindbergh Drive
> Peoria, Illinois 61615

6.      Consequently, service outside the state is authorized by I.C. § 5-508.

7.      The Complaint filed herein was verified.

WHEREFORE, Affiant prays that upon the filing of this Affidavit an Order be entered herein by the Court directing service of the Summons and Verified Complaint in this action be made upon the above named Defendants by service outside the state.

DATED this 15 day of March, 2010.

BERG & McLAUGHLIN, CHTD.

By: _____
TOBY McLAUGHLIN
Attorneys for Plaintiff

MOTION FOR SERVICE OUTSIDE THE STATE - 2

STATE OF IDAHO          )
                        ):ss
County of BONNER        )

On this 15 day of March, 2010, before me, the undersigned Notary Public for the State

of Idaho, personally appeared TOBY McLAUGHLIN, known or identified to me to be the

person that executed the foregoing instrument and acknowledged to me that he executed the

same.

SUBSCRIBED and SWORN to before me as of the day and year in this certificate first

above written.

Notary Public for Idaho.
Residing at _____
Commission expires: 7/31/12

MOTION FOR SERVICE OUTSIDE THE STATE - 3

1   D. TOBY McLAUGHLIN
    Berg & McLaughlin, Chtd.
2   708 Superior Street, Ste. B
    Sandpoint, ID 83864
3   Telephone: (208)263-4748
    Facsimile: (208)263-7557
4   Idaho Bar No. 7405

STATE OF IDAHO
COUNTY OF BONNER
FIRST JUDICIAL DIST.

2010 MAR 25  A 10: 25

MARIE SCOTT
CLERK DISTRICT COURT

_____
DEPUTY

IN THE DISTRICT COURT FOR THE FIRST JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNER

THE PASTIME BAR & GRILL, INC., an Idaho
Corporation;

     Plaintiff,

vs.

MT. HAWLEY INSURANCE COMPANY, a
corporation doing business in the state of Idaho;

     Defendants,

NO. CV-10-448

VERIFICATION OF COMPLAINT

I Dustin Koril, Plaintiff in the above referenced matter, swear I have read the Complaint
filed herein on March 16, 2010, and states that all facts included are true.

March _19_, 2010.

_____
Signature of Party Submitting

SUBSCRIBED AND SWORN to before me this ____ day of March, 2010.

_____
Notary Public for _Idaho_
Residing at: _Newport_
My Commission expires: _7/31/12_

STEPHANIE G. ALLEN
NOTARY
PUBLIC
STATE OF IDAHO

VERIFICATION - 1

D. TOBY McLAUGHLIN
Berg & McLaughlin, Chtd.
708 Superior Street, Ste. B
Sandpoint, ID 83864
Telephone: (208)263-4748
Facsimile: (208)263-7557
Idaho Bar No. 7405

STATE OF IDAHO
COUNTY OF BONNER
FIRST JUDICIAL DIST.

2010 APR -6 P 4: 22

CLERK DISTRICT COURT

DEPUTY

IN THE DISTRICT COURT FOR THE FIRST JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNER

THE PASTIME BAR & GRILL, INC., an Idaho
Corporation;

    Plaintiff,

vs.

MT. HAWLEY INSURANCE COMPANY, a
corporation doing business in the state of Idaho;

    Defendants.

NO. CV-10- 448

**ORDER GRANTING LEAVE FOR
SERVICE OUTSIDE THE STATE
OF IDAHO**

The Court having considered the Motion of Plaintiff THE PASTIME BAR & GRILL,
INC. for service upon Defendant MT. HAWLEY INSURANCE COMPANY, outside the State
of Idaho, as well as the Affidavit of counsel filed herein, both filed pursuant to Idaho Code § 5-
508, and good cause appearing therefore, HEREBY ORDERS that service upon Defendant MT.
HAWLEY INSURANCE COMPANY, may be made upon the Superintendent, Commissioner,
or Director of Insurance for Mt. Hawley Insurance Company at Mt. Hawley Insurance Company,
9025 N. Lindbergh Drive, Peoria, Illinois 61615..

    DATED this 6th day of April, 2010.

_Steve Verby_

JUDGE STEVE VERBY

ORDER FOR SERVICE OUTSIDE THE STATE - 1

**CLERK'S CERTIFICATE OF SERVICE**

On ~~March~~ April 2, 2010, I caused copies of the foregoing document to be served by the following methods on the parties listed below as follows, which is the last known address for the listed party:

| | |
|---|---|
| Toby McLaughlin<br>BERG & McLAUGHLIN, Chtd.<br>708 Superior Street, Ste B<br>Sandpoint, ID 83864<br><br>*Attorneys for the Plaintiff* | ☐ By Hand Delivery<br>☑ By U.S. Mail<br>☐ By Overnight Mail<br>☐ By Facsimile Transmission<br>(208) 664-5884 |

_____
~~Deputy~~ Clerk

ORDER FOR SERVICE OUTSIDE THE STATE - 2

# AFFIDAVIT OF SERVICE

**State of Idaho**                          **County of Bonner**                          **Circuit Court**

Case Number: CV-10-448   Court Date: 5/12/2010

Plaintiff:
**THE PASTIME BAR & GRILL, INC., an Idaho Corporation**

vs.

Defendant:
**MT. HAWLEY INSURANCE COMPANY, a corporation doing business
in the state of Idaho**

For:
BERG & MCLAUGHLIN, CHTD.
708 Superior Street
Suite B
Sandpoint, ID 83864-4656

Received by GUARD SERVICES, INC. to be served on MT. HAWLEY INSURANCE COMPANY, (RLI Insurance),
9025 N. Lindbergh Drive, Peoria, IL 61615.

I, Tyson Pokarney, being duly sworn, depose and say that on the 22nd day of April, 2010 at 11:10 am, I:

SERVED the within named CORPORATION by delivering a true copy of the Summons and Complaint and Order
Granting Leave for Service Outside the State of Idaho with the date and hour of service endorsed thereon by me to
Jennifer Guppy as Senior Paralegal of the within named corporation.

**Description** of Person Served: Age: 40, Sex: F, Race/Skin Color: White, Height: 5'9", Weight: 150, Hair: Black,
Glasses: N

I am over the age of eighteen, and have no interest in the above action.

```
OFFICIAL SEAL
MARILYN A. KREITER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-17-2013
```

Subscribed and Sworn to before me on the 22nd day
of April, 2010 by the affiant who is personally known to
me.

_____
NOTARY PUBLIC

Detective Agency Lic.#117-000272
Reg. under IL Private Detective Act of 1993

STATE OF ILLINOIS
COUNTY OF PEORIA

Tyson Pokarney
Process Server #129-298706

**GUARD SERVICES, INC.**
1009 N. Sheridan Road
Peoria, IL 61606-1957
(309) 674-4321

Our Job Serial Number: 2010000255

Copyright © 1992-2005 Database Services, Inc. - Process Server's Toolbox V5.5j

# AFFIDAVIT OF SERVICE

State of Idaho                          County of Bonner                          Circuit Court

Case Number: CV-10-448   Court Date: 5/12/2010

Plaintiff:
**THE PASTIME BAR & GRILL, INC., an Idaho Corporation**

vs.

Defendant:
**MT. HAWLEY INSURANCE COMPANY, a corporation doing business
in the state of Idaho**

For:
BERG & MCLAUGHLIN, CHTD.
708 Superior Street
Suite B
Sandpoint, ID 83864-4656

Received by GUARD SERVICES, INC. to be served on MT. HAWLEY INSURANCE COMPANY, (RLI Insurance),
9025 N. Lindbergh Drive, Peoria, IL 61615.

I, Tyson Pokarney, being duly sworn, depose and say that on the 28th day of April, 2010 at 11:00 am, I:

SERVED the within named CORPORATION by delivering a true copy of the Summons and Complaint with the date
and hour of service endorsed thereon by me to Jennifer Guppy as Senior Paralegal of the within named corporation.

**Description** of Person Served: Age: 40,  Sex: F,  Race/Skin Color: White,  Height: 5'9",  Weight: 145,  Hair: Black,
Glasses: N

I am over the age of eighteen, and have no interest in the above action.

```
OFFICIAL SEAL
MARILYN A. KREITER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-17-2013
```

Subscribed and Sworn to before me on the 28th day
of April, 2010 by the affiant who is personally known to
me.

_____
NOTARY PUBLIC

Detective Agency Lic.#117-000272
Reg. under IL Private Detective Act of 1993

STATE OF ILLINOIS
COUNTY OF PEORIA

**Tyson Pokarney**
Process Server #129-298706

**GUARD SERVICES, INC.**
1009 N. Sheridan Road
Peoria, IL 61606-1957
(309) 674-4321

Our Job Serial Number: 2010000260

Copyright © 1992-2005 Database Services, Inc. - Process Server's Toolbox V5.5j